UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEREK MITCHELL HALE (#499675)**                         **CIVIL ACTION**

**VERSUS**

**DARREL VANNOY, ET AL.**                                      **NO. 16-355-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 16, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEREK MITCHELL HALE (#499675)**                             **CIVIL ACTION**

**VERSUS**

**DARREL VANNOY, ET AL.**                                     **NO. 16-355-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss (R. Doc. 17) filed on behalf of defendant, Warden Darrel Vannoy. This Motion is opposed. *See* R. Doc. 21.

The *pro se* plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against, Warden Darrel Vannoy, Bernadine St. Cyr, and Bobby Gilmore alleging that his constitutional rights were violated when the defendants failed to provide the plaintiff with his religious based diet for approximately 120 days.[1] The plaintiff seeks monetary and injunctive relief.

Defendant Vannoy first seeks dismissal on jurisdictional grounds, presumably pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against him in his official capacity. In this regard, the defendant is correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons"

---

[1] A review of the record reveals that defendants Bernadine St. Cyr and Bobby Gilmore have not been served because defendant St. Cyr is not an employee of the Department of Corrections, and Bobby Gilmore has retired. *See* R. Doc. 12. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. The plaintiff has twice been informed of the lack of service, and has failed to take action to direct service on these defendants. *See* R. Docs. 12 and 19. It is appropriate, therefore, that the plaintiff's claims asserted against Bernadine St. Cyr and Bobby Gilmore be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25.

Accordingly, the plaintiff's § 1983 claims asserted against defendant Vannoy in his official capacity for monetary damages are subject to dismissal. In contrast, the plaintiff's § 1983 claims for monetary damages asserted against defendant Vannoy in his individual capacity remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. The plaintiff's claim for prospective injunctive relief asserted against defendant Vannoy in his official capacity also remains viable because such a claim is not treated as a claim against the state. *Will v. Michigan Department of State Police*, *supra*, 491 U.S. at 71 n.10. Of course, the plaintiff must be able to prove a deprivation of his constitutional civil rights in order to obtain any entitlement to relief.

Turning to the plaintiff's claims for monetary damages asserted against defendant Vannoy in his individual capacity, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury.

The plaintiff does not allege to have suffered any particular injury. Rather, the plaintiff asserts in his Amended Complaint that he was forced to fast which was "diminishing to my health." (R. Doc. 4, p. 5). The plaintiff has included no further details in his Complaint in this

regard.  Accordingly, this aspect of the plaintiff's claim should be rejected.  Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendant in order to merit such recovery.  In this regard, defendant Vannoy, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserts that the plaintiff has failed to state a claim upon which relief may be granted.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a

*pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended the plaintiff alleges the following:  The plaintiff is a devoted follower of the Nation of Gods and Earths, and chose to become a vegetarian since the teachings of his religion instruct him to shun the flesh of animals or refrain from the consumption of swine.  On August 13, 2015, he made a request to enroll in the religious diet program.  Chaplain Bernadine St. Cyr instructed the plaintiff to request that the records office list his religious preference on his master prison record since, according to the policy at LSP, an offender may only receive a special diet due to medical reasons or religious preference.

The plaintiff made several requests to have his religious preference listed on his master prison record but Bobby Gilmore failed to respond.  On September 10, 2015, the plaintiff again requested to enroll in the religious diet program and was again denied.  Thereafter the plaintiff again requested that his religious preference be listed on his master prison record.  On September 16, 2015, Gilmore informed the plaintiff that his religious preference was not listed in the computer system and referred the plaintiff to St. Cyr.  The plaintiff wrote to St. Cyr several times before he was again denied enrollment in the religious diet program due to his religious preference not being listed on his master prison record.

St. Cyr then sent the plaintiff a list of religious faiths that are the only faiths approved to receive special religious diets.  The plaintiff explained to St. Cyr that he was being denied his right to express his religious beliefs and was not receiving adequate nutrition as a result.

The plaintiff then filed a grievance, and requested that his religious preference be listed on his master prison record and that he be allowed to enroll in the religious diet program. After approximately 120 days, the plaintiff was approved for the religious diet program although his religious preference is still not listed on his master prison record.

In response to the plaintiff's allegations, defendant Vannoy has asserted that he is entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendant contends that the plaintiff has failed to make sufficient allegations of conduct on his part which rises to the level of a violation of the plaintiff's federal constitutional or statutory rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*. Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' Motion should be granted.

The plaintiff's claim that his religious rights were violated when he was denied a religious diet for approximately 120 days is asserted under the Free Exercise Clause of the First Amendment, RLUIPA, and the Equal Protection Clause of the Fourteenth Amendment. The

Court finds that the plaintiff has failed to allege sufficient personal involvement on the part of defendant Vannoy in any alleged violation of the plaintiff's religious rights under any standard.

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears that the plaintiff has failed to allege that defendant Vannoy has undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. The plaintiff does not allege that defendant Vannoy was personally or directly involved in the conduct complained of, nor does the plaintiff allege that his rights were violated as a result of a subordinate's implementation of defendant Vannoy's affirmative wrongful policies. Rather, the

plaintiff merely asserts in his original Complaint that defendant Vannoy is "…legally responsible for the operation of Louisiana State Penitentiary and for the welfare of all the prisoners in that prison."  Such claims are vague and conclusory, and are not sufficient to support a finding of liability under § 1983.  Accordingly, the plaintiff has failed to state a claim upon which relief may be granted as to defendant Vannoy, and he is entitled to dismissal from this proceeding.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that plaintiff's claims asserted against Bernadine St. Cyr and Bobby Gilmore be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.  It is further recommended that the Motion to Dismiss (R. Doc. 17), filed on behalf of defendant Warden Darrel Vannoy, be granted, and that the plaintiff's claims against defendant Vannoy be dismissed, with prejudice.  It is further recommended that the plaintiff's request for preliminary and injunctive relief be denied as moot.  *See* R. Doc. 16.

Signed in Baton Rouge, Louisiana, on December 16, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**